IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **WILLIAM PERRY,** *Individually and on behalf of all other similarly situated current and former employees*, | |
| Plaintiffs, | No. |
| v. | **FLSA Opt-in Collective Action** |
| **MID-SOUTH MAINTENANCE OF TN, LLC** *and* **EEC ACQUISITION, LLC** *d/b/a* **SMART CARE EQUIPMENT SOLUTIONS** | JURY DEMANDED |
| Defendants. | |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff, William Perry, individually ("Plaintiff"), on behalf of himself and on behalf of other similarly situated current and former hourly-paid employees, brings this collective action against Defendants, Mid-South Maintenance of TN, LLC and EEC Acquisition, LLC d/b/a Smart Care Equipment Solutions ("Defendants"), and alleges as follows:

**I.
INTRODUCTION**

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid FLSA minimum wages, overtime compensation and other damages owed to Plaintiff and other similarly situated current and former employees who are members of a class as defined herein that are currently or were previously employed by Defendants.

1

# II.
# JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this District at all times relevant to this action, Defendants have regularly conducted and continue to conduct business in this District and have engaged and continue to engage in wrongful conduct alleged herein in this District during all material times in this cause.

# III.
# CLASS DESCRIPTION

4. Plaintiff brings this action on behalf of himself and the following similarly situated persons:

> All current and former hourly-paid employees in the United States who Defendants employed as Technicians engaged in the on-site repair and/or maintenance of commercial kitchen equipment at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is a Named Plaintiff or who elects to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class" or "class members").[1]

# IV.
# PARTIES

5. Defendant Mid-South Maintenance of Tennessee, LLC ("Mid-South Maintenance") is a Tennessee Corporation with its principal office located at 1055 Ridgecrest Dr., Goodlettsville, Tennessee 37072-3621. Mid-South Maintenance has been an "employer"

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

of Plaintiff and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Tennessee Secretary of State, Defendants may be served through its registered agent for service of process: CT Corporation 300 Montvue Road, Knoxville, Tennessee 37919-5546.

6. Defendant EEC Acquisition, LLC d/b/a Smart Care Equipment Solutions ("Smart Care") is a Delaware Corporation, which is headquartered in St. Paul, Minnesota. Smart Care's principal office is located at 370 Wabasha St. N., STE 1800, St. Paul, Minnesota 55102. Smart Care may be served through its parent's registered agent, CT Corporation System Inc. 1010 Dale St. N., St. Paul, Minnesota 55117.

7. Prior to February of 2019, Mid-South Maintenance was an independently owned company. Defendant EEC Acquisition, through its Smart Care subsidiary, purchased Mid-South Maintenance in February of 2019.

8. Plaintiff William Perry was employed by Defendants as an hourly-paid Technician within this District during the relevant period herein. (Plaintiff Perry's Consent to Join this Collective Action is attached hereto as *Exhibit A*).

## V.
## ALLEGATIONS

9. Defendant Mid-South Maintenance is a limited liability company that provides onsite maintenance and repair for commercial kitchen equipment.

10. Defendants have been the "employer" of the Plaintiff and class members within the meaning of 29 U.S.C. § 203(d), at all times material to this action.

11. Defendants employed Plaintiff and class members and were responsible for establishing and administering their pay, including the applicable FLSA minimum wages and overtime compensation rates of pay, during all times material to this action.

12. Defendants required that Plaintiffs receive instructions, including where to go and what products to repair or maintain through a set of computer applications ("apps"), which Defendants use across their repair and maintenance brands.

13. Defendants have, and continue to, employ a timekeeping system for tracking and reporting its hourly-paid technicians' work hours.

14. Defendants have had a common plan, policy, and practice of requiring, forcing, inducing, and/or suffering or permitting Plaintiff and class members to perform work "off the clock," without being compensated for such work in an effort to save on labor costs and remain within its budgeted labor costs.

15. Defendants have had a common plan, policy, and practice of working Plaintiff and class members "off the clock" in a variety of ways during all times material, including but not limited to:

    a) Requiring hourly-paid technicians to perform work duties outside their scheduled dispatches or work orders without being "clocked-in" to Defendants' timekeeping system, (such as travelling between customers and being engaged to wait by Defendants while Defendants determine whether Plaintiff and class members were required to perform any more repair or maintenance work on any given day); and

    b) Requiring hourly-paid technicians to "clock-out" of Defendants' timekeeping system while driving to customers beyond a typical or expected service area or after Plaintiff and class members had already begun their principal activities for the day.

16. Such "off the clock" claims of Plaintiff and class members are unified through a common theory of Defendants' FLSA statutory violations.

4

17. As a result, Plaintiff and class members are entitled to at least the applicable FLSA minimum wage and overtime compensation rates of pay for all such unpaid "off the clock" time.

18. At all times material to this action, Defendants has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

19. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they have been an enterprise engaged in interstate commerce and their employees have also been engaged an interstate commerce during the applicable statutory period.

20. Defendants have, and continue to, employ non-exempt hourly-paid Technicians.

21. Plaintiff and putative class members are current or former non-exempt hourly-paid Technicians of Defendants.

22. The net effect of Defendants' aforementioned common plan, policy, and practice of working Plaintiff and class members "off the clock" and "editing out/shaving" their compensable work time from their timekeeping system is that by doing so, they willfully violated the FLSA and enjoyed ill-gained profits at the expense of Plaintiff and the class.

23. Although at this stage Plaintiff is unable to state the exact amount owed to him and other members of the class, he believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

# VI.
# COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

25. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

26. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are several hundred more of individuals in the putative class.

27. The claims of Plaintiff are typical of the claims of the class. Plaintiff and other members of the class work (or have worked) for Defendants and were subject to the same operational, compensation, and timekeeping policies and practices, including not being paid for the aforementioned "off the clock" hours worked at the applicable FLSA minimum wage and overtime compensation rates of pay as well as being subjected to their compensable work time being "edited-out/shaved" of Defendants' timekeeping system. As a result, the "off the clock" and "edited-out/shaved" claims of Plaintiff and class members are unified through common theories of Defendants' FLSA statutory violations.

28. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were required, forced and/or induced to perform work without compensation during all times relevant;

- Whether Defendants suffered and permitted Plaintiff and other members of the class to perform work without compensation during all times relevant;

- Whether Defendants failed to pay Plaintiff and the other members of the class the applicable FLSA minimum wage rate of pay for all work performed during all times relevant;

- Whether Defendants failed to pay Plaintiff and other members of the class the applicable FLSA overtime compensation rate of pay due them for all hours worked in excess of forty (40) hours per week during all times relevant;

- The correct statutes of limitations for the claims of Plaintiff and other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants is liable for interest, attorneys' interest, fees, and costs.

29. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the members of the class. Plaintiff has no interests adverse to the class, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

30. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for the members of the class to individually seek address for the wrongs done to them.

31. Plaintiff estimates that there are several hundred similarly situated Technicians.

32. Plaintiff and members of the class have suffered, and will continue to suffer, irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

# COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE
**(On Behalf of the Class)**

33. Plaintiff, on behalf of himself and other members of the class, repeats and re-alleges Paragraphs 1 through 32 above as if they were fully set forth herein.

34. At all times relevant herein, Defendants have been, and continue to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a) and, its employees have been engaged in interstate commerce, including Plaintiff and the class.

35. Pursuant to Defendants' aforementioned common compensation policies, plans, and practices, it has failed to pay Plaintiff and other members of the class the applicable minimum wage rates of pay for all work time performed as required by the FLSA.

36. Because Defendants' failed to pay Plaintiff and other members of the class for all the aforementioned "off the clock" time and "edited-out/shaved" time, Plaintiff and other members of the class have not received wages equal to, or in excess of, the applicable minimum wage as required by the FLSA for all hours worked.

37. At all material times herein, Defendants' common plan, policy, and practice of willfully failing to pay Plaintiff and members of the class at least the required minimum wage rate of $7.25 an hour for all hours worked, involving a variety of unpaid "off the clock" and "edited-out/shaved time," has resulted in Plaintiff's and class members' said claims being unified through common theories of FLSA violations.

38. At all times relevant, Defendants had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff and other members of the class for all hours worked, including for

the aforementioned "off the clock" and "edited-out/shaved" compensable work time -- without a basis of good faith.

39. As a result of Defendants' willfulness and lack of a good faith basis for their failure to compensate Plaintiff and other members of the class at the applicable FLSA minimum wage rate of pay for all hours worked, including the aforementioned "off the clock" and edited-out/shaved compensable work time, they have violated, and continue to violate the FLSA.

40. Plaintiff and the other members of the class are therefore entitled to compensation for unpaid minimum wages at the hourly rate of pay required by the FLSA, plus applicable overtime compensation and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

## <u>COUNT II</u>
## <u>FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME</u>
**(On Behalf of the Class)**

41. Plaintiff, on behalf of himself and other members of the class, repeats and re-alleges Paragraphs 1 through 40 above as if they were set forth herein.

42. At all times relevant herein, Defendants have been, and continue to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a) and, so have their employees, including Plaintiff and members of the class.

43. At all times relevant herein, Defendants have employed (and/or continue to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

44. At all times relevant herein, Defendants has had a common plan, policy, and practice of willfully refusing to pay Plaintiff and other members of the class the applicable FLSA

9

overtime compensation for all hours worked, including the aforementioned "off the clock" and "edited-out/shaved" compensable work time, in excess of forty (40) hours per week within weekly pay periods during the applicable statutory period.

45. At all times herein, Defendants' common plan, policy, and practice of willfully failing to pay Plaintiff and members of the class at least the required minimum wage rate of $7.25 an hour, and one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) per week has resulted in their claims being unified though common theories of FLSA violations.

46. At all times relevant herein, have had actual as well as constructive knowledge of willfully refusing to pay Plaintiff and other members of the class for all hours worked, including the aforementioned "off the clock" and "edited-out/shaved" compensable work time -- without a basis of good faith.

47. As a result of Defendants' willfulness and lack of a good faith basis in failing to compensate Plaintiff and other members of the class at the applicable FLSA minimum wage rate for all hours worked, including the aforementioned "off the clock" and "edited out" compensable work time and, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week within weekly pay periods, they have violated and (continues to violate) the FLSA, 29 U.S.C. § 255(a).

48. Due to Defendants' willfulness and lack of a good faith basis for its FLSA violations, Plaintiff and the other members of the class are entitled to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and on behalf of and all other similarly situated members of the class, requests this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action, permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid minimum wages to Plaintiff and other members of the class at the applicable FLSA minimum wage rate of pay;

C. On Count II, an award of compensation for unpaid overtime wages to Plaintiff and the other members of the class at the applicable FLSA overtime rate of pay.

D. On Counts I and II, an award of liquidated damages to Plaintiff and other members of the class;

E. On Counts I and II, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

F. On Counts I and II, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

G. On Counts I and II, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

H. Any other general and specific relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: February 6, 2020.    Respectfully Submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

and

Nina H. Parsley (TN BPR # 23818)
**MICHAEL D. PONCE & ASSOCIATES**
Attorneys at Law
400 Professional Park Drive
Goodlettsville, Tennessee 37072
Telephone: (615) 851-1776
Facsimile: (615) 859-7033
nina@poncelaw.com

**ATTORNEYS FOR PLAINTIFF AND ON BEHALF OF OTHERS SIMILARLY SITUATED**